## DYE v. DELAWARE, L. & W. R. CO.

(Superior Court of Buffalo, General Term.     May 3, 1894.)

APPEAL—REVERSAL.

A reversal on the sole ground that error was committed in the admission of evidence, and not on the merits, is equivalent to a holding by the appellate court that the evidence was sufficient to authorize a recovery.

Appeal from trial term.

Action by John Dye against the Delaware, Lackawanna & Western Railroad Company for personal injuries.     There was a judgment in favor of plaintiff, and defendant appeals.     Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Rogers, Locke & Milburn, for appellant.

Smith & Weaver, for respondent.

PER CURIAM.     This action is for negligence of the defendant. The plaintiff was injured while coupling cars on the defendant's road.     The cause has once been before the court of appeals on an appeal by the defendant from a judgment rendered on the verdict of a jury in favor of the plaintiff (130 N. Y. 671, 29 N. E. 320), and was there reversed upon the sole ground that error was committed in the admission of evidence on the trial, and not upon the merits. As the case now stands, it is precisely as it was before the court of appeals, except the error complained of there is not in the case. As to the exceptions taken on the trial to the admission of evidence and to the charge, no point is made by the defendant's counsel in his brief that any error was committed, nor is it suggested that the judgment should be reversed on that account, but it is insisted that the plaintiff is not entitled to recover upon the evidence.     We think

the court of appeals, in not reversing the case on the merits, must be understood as holding the evidence sufficient to authorize a recovery, and, as the main facts in the case are the same here as when it was before the court of appeals, the judgment and order appealed from should be affirmed, with costs.